≈JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT NELSON

## DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

**DATE**
09/28/2012

**SIGNATURE OF ATTORNEY OF RECORD**
/s/ CRAIG THOR KIMMEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ROBERT NELSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| NCO FINANCIAL SYSTEMS, INC. | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 09/28/2012 | Craig Thor Kimmel | Plaintiff, Robert Nelson |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **364 S. 98TH St., Mesa, AZ 85208**

Address of Defendant: **507 Prudential Rd., Horsham, PA 19044**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (Please specify) **15 U.S.C. §1692**

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, **Craig Thor Kimmel**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **09/28/12**    /s/ **Craig Thor Kimmel**    **57100**
                         Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **09/28/12**    /s/ **Craig Thor Kimmel**    **57100**
                         Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT NELSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| NCO FINANCIAL SYSTEMS, INC., | ) **JURY TRIAL** |
| | ) |
| Defendant | ) **(Unlawful Debt Collection Practices)** |
| | ) |

## COMPLAINT

ROBERT NELSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

# PARTIES

5. Plaintiff is a natural person residing in Mesa, Arizona 85208.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. The debt Defendant was seeking to collect, a Great Lakes student loan, arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in June 2012, and continuing through July 9, 2012, Defendant continuously and repeatedly contacted Plaintiff on his cellular and work telephones seeking and demanding payment for an alleged debt in the amount of $40,000.00.

14. During the relevant period, Defendant called Plaintiff's cellular and work telephones approximately one (1) to two (2) times a day.

15. Plaintiff knew that it was NCO Financial calling because Defendant's collectors

confirmed this and because Plaintiff's cellular phone caller-id indicated "NCO Financial" when calls were received. Plaintiff saved the number in his contacts list for future reference. Thereafter, Plaintiff noted Defendant's name appear on many incoming calls.

16. On June 19, 2012, Plaintiff contacted Defendant to resolve the matter and stop the collection calls, but all proposals were refused. Defendant instead demanded his personal financial information, including bank account information, his salary, and his pay schedule, as a condition precedent to resolving the matter. Defendant threatened further to send his account to its "garnishment department" if Plaintiff refused to "work with" the collector.

17. Upon information and belief, Defendant did not intend to take such action at the time it made this threat; but threatened garnishment in aid of intimidating Plaintiff or creating a sense of anxiety within him to advance the payment of the alleged debt on its terms.

18. Defendant demanded payment of $40,000.00, an amount Plaintiff disputed, and which it is averred was not the actual amount due. Plaintiff further alleges that the difference between the amount demanded and the amount allegedly, was at least $8,000.00.

19. When questioned about the disparity in numbers demanded versus the amount of Plaintiff understood the alleged debt to actually be, Defendant's collector stated that there was $8,000.00 due for "fees", refusing to provide any details as to how that large, round figure was determined or under what contractual language it was claimed.

20. Defendant utilized the placement of calls to Plaintiff's work telephone on a daily basis in attempts to collect the alleged debt.

21. During one conversation with Plaintiff's co-worker, Defendant's collector deceptively stated that the work telephone was the only contact number on file for Plaintiff, when Defendant had repeatedly communicated with Plaintiff directly by calling his cellular

phone.

22. Defendant in fact called Plaintiff's cellular telephone number on numerous dates, including but not necessarily limited to: June 19, 2012, at 2:17 p.m.; June 21, 2012, at 1:33 p.m.; June 22, 2012, at 10:22 a.m. and 2:25 p.m.; June 25, 2012, at 1:17 p.m.; June 26, 2012, at 5:16 p.m.; June 27, 2012, at 4:49 p.m.; June 28, 2012, at 1:08 p.m.; June 29, 2012, at 8:12 a.m.; July 2, 2012, at 10:24 a.m.; July 3, 2012, at 3:44 p.m.; July 5, 2012, at 12:27 p.m.; and July 9, 2012, at 12:19 p.m. and 1:02 p.m.

23. Defendant's statement in furtherance of collecting a consumer debt was false and misleading.

24. A debt collector may not make any statement that is deceptive or misleading.

25. In light of its deceptive representation, it is believed and averred that Defendant contacted Plaintiff at his work place with the intent to cause embarrassment and harassment to Plaintiff in ways and using methods which were calculated to increase its chances of obtaining payment.

26. Thereafter, Defendant was instructed to stop calling the work telephone umber as it was inconvenient for him to receive such calls and because they were not permitted. Defendant disregarded the directive not to call and persisted, further revealing its intent to embarrass, annoy and harass Plaintiff.

27. The receptionist at Plaintiff's workplace became annoyed with the frequency of Defendant's collection calls and sent a message to Plaintiff on June 22, 2012, stating: "'Somebody' keeps calling here with a # of 888-475-6741 asking for you. I'm not putting the call thru nor am I bothering to take a message. They've called every day this week."

28. Defendant continuously and repeatedly contacted the work place knowing that it

was inconvenient for Plaintiff to receive collection calls there, with the intent to harass Plaintiff.

29. Upon information and belief, Defendant contacted Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying this debt.

**DEFENDANT VIOLATED THE
FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

30. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(3).

   a. A debt collector violates §1692c(a)(3) of the FDCPA by communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

   b. Defendant violated §1692c(a)(3) of the FDCPA when it communicated with Plaintiff in its attempts to collect a debt at his place of employment, despite having knowledge that Plaintiff was not allowed to receive personal calls at work.

**COUNT II**

31. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

       continuously with the intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by continuously calling Plaintiff's cellular and work telephones on average one (1) to two (2) times a day, with the intent to annoy, abuse, and harass Plaintiff.

## COUNT III

32. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(4) of the FDCPA.

   a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

   b. A debt collector violates §1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

   c. A debt collector violates §1692e(4) of the FDCPA by falsely representing or implying that nonpayment of any debt will result in the garnishment of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

   d. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   e. Here, Defendant violated §§1692e and 1692e(2) of the FDCPA by falsely representing the amount of the debt allegedly owed by Plaintiff.

    f.    Also, Defendant violated §§1692e and 1692e(4) of the FDCPA by threatening to send Plaintiff's account to the garnishment department if he did not "work with it," when Defendant had not intentions to garnish Plaintiff's wages.

    g.    Lastly, Defendant violated §§1692e and 1692e(10) of the FDCPA by falsely stating to Plaintiff's co-worker that Defendant only possessed Plaintiff's work telephone number, when it also had his cellular telephone and had been calling his cellular telephone.

## COUNT IV

33.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692f and 1692f(1) of the FDCPA.

    a.    A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    A debt collector violates §1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

    c.    Here, Defendant violated §§1692f and 1692f(1) of the FDCPA engaging in other unfair and unconscionable debt collection practices, including seeking to collect an amount more than that owed by Plaintiff and information about Plaintiff's personal finances.

WHEREFORE, Plaintiff, ROBERT NELSON, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBERT NELSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 09/28/2012                             By: /s/ Craig Thor Kimmel
                                                  CRAIG THOR KIMMEL
                                                  Attorney ID No. 57100
                                                  Kimmel & Silverman, P.C.
                                                  30 E. Butler Pike
                                                  Ambler, PA 19002
                                                  Phone: (215) 540-8888
                                                  Fax: (877) 788-2864
                                                  Email: kimmel@creditlaw.com

8

PLAINTIFF'S COMPLAINT